## CRAIG vs. HIGGINS
(No. 1103, September 15th, 1924; 228 Pac. 802.)

APPEAL AND ERROR—APPELLATE COURT WILL DECIDE COLLATERAL IS-
SUES NOT PLEADED IF MATERIAL TO ISSUE PRESENT.

1. Where an issue in an action for the price of drilling was whether recovery should be had under an alleged contract of June 7 or an alleged contract of June 22, defendant denying any contract until the latter date and claiming that his offer on such date, proof of which involved proving facts amounting to repudiation of any contract of June 7, was accepted by the act of plaintiff in continuing to drill, and plaintiff denying acceptance and claiming that he continued under contract of June 7, *held* that, though issue of such repudiation was not pleaded nor raised below, Supreme Court would pass thereon as material and necessary, in determining the issue raised.

NOTE—See Headnote (1) 3 C. J. p. 742 (1926 Anno).

ERROR to District Court, Weston County; HARRY P. ILLSLEY, Judge.

On petition for rehearing. For former opinion, see 31 Wyo. 166, 224 Pac. 668.

*Wakeman & Dolezal, Henry Frawley* and *W. E. Mullen,* for plaintiffs in error.

*Raymond & LaFleiche,* for defendant in error.

KIMBALL, Justice.

The defendant in error (plaintiff) has filed a petition for a rehearing. Our former opinion is reported in 224 Pac. 668. The substance of the grounds for a rehearing, as stated in the petition, is that the issue of repudiation was

not pleaded or raised at the trial, and we therefore erred in deciding that there was a repudiation of the contract on which the plaintiff relied.

The action was for recovery of the contract price for drilling under an oral contract which plaintiff alleged was made by him and defendant, Craig, on June 7, 1920. The theory of plaintiff was that he fully performed the contract upon which he relied; that is, that the drilling, both before and after June 22, was done under the contract of June 7. The defendant, Craig, denied making the contract of June 7, and alleged that the drilling was done under an oral contract, made June 22, 1920, by which plaintiff agreed to drill in accordance with the terms and conditions of the written contract between Craig and Gardner.

We held in the former opinion that the uncontradicted evidence established the fact that the contract of June 7, if made, was absolutely repudiated by Craig on June 22, when the first well had been drilled to a depth of only 100 feet. In the brief in support of the petition for rehearing this holding is challenged, and it is contended that the evidence on that point is conflicting. This contention is not made a ground of the petition for rehearing, and we do not, therefore, feel that a further discussion of the evidence is necessary. We may say, however, that we have re-examined the evidence in the light of the contention, and are still of the opinion that there is no conflict as to the fact of repudiation. In view of what had gone before, we think there can be no doubt that the telegram of June 22 was notice to plaintiff that Craig refused to accept responsibility for any drilling not done in accordance with the terms and conditions of the Gardner contract.

We held in our former opinion that the judgment for the full contract price was unsupported by the evidence, because the plaintiff had no right to continue performance of the contract of June 7.

It is true, as contended, that repudiation was not pleaded, and not the issue on the trial. The issue, to state it simply,

was whether the drilling was done under the contract of June 7, as alleged by plaintiff, or under the contract of June 22, as alleged by Craig.

Repudiation of the contract of June 7 was not the ultimate fact on which Craig relied. He did not claim that he repudiated that contract but denied that there was any contract until June 22. From his view-point, on the latter date he was making an offer to contract on certain terms, and he claimed in the trial court that the plaintiff, by continuing to drill, accepted that offer, completing the contract alleged in the answer.

To the plaintiff, who claimed that there was already a contract, Craig's declaration was not only a refusal to be bound by the claimed former contract, but also an offer which, if accepted, would, from plaintiff's view-point, complete a new contract in substitution for the old. The plaintiff contended on the trial that he did not accept that offer, but that he continued to drill in performance of the contract of June 7.

Craig, in proving the offer which he claimed was the basis of the contract on which he relied, proved also the facts which we held amounted to a repudiation of the former contract, if there was one. The repudiation was part of the *res gestae*—a part of the offer. The making of the offer, which included the repudiation, was not denied.

The offer being established, the only disputed point was whether it was accepted. Following the offer, as finally evidenced by the telegram, the plaintiff continued drilling, without anything more being said as to the terms of the contract. Craig contended that this constituted an acceptance of the offer. The plaintiff contended that it did not, and that when he continued drilling he was continuing to perform the contract of June 7. On these conflicting contentions, clearly within the issues, it became necessary to consider and decide whether under the circumstances the plaintiff had a right to continue to perform the contract of June 7, and then recover the full contract price. Even from the

testimony of the plaintiff himself, we think it clear that Craig had no reason to believe that plaintiff, after the telegram of June 22, would continue to drill without accepting the offer. And if, as held, the plaintiff had no right to continue performance of the contract of June 7, it would seem to follow inevitably that both parties must have understood that an acceptance of the offer would be implied from a continuance of drilling.

We are therefore of opinion that the matter of repudiation, though not the issue nor the ultimate fact inquired about at the trial, was material and necessary to be noticed in determining the issue whether plaintiff, after June 22, continued to drill under the contract upon which he relied, or under the contract alleged by Craig.

The petition for rehearing will be denied.

POTTER, Ch. J., and BLUME, J., concur.